JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN DELL COOK,<br><br>Petitioner,<br><br>v.<br><br>CONRAD GRABER, Warden,<br><br>Respondent. | Case No. CV 16-4849 DOC (MRW)<br><br>**ORDER DISMISSING HABEAS ACTION** |

The Court summarily DISMISSES this habeas action WITHOUT PREJUDICE for lack of jurisdiction.

\* \* \*

This is a federal habeas action. Petitioner is an inmate at the federal prison at Terminal Island. By his petition, he seeks a reduction in his overall federal sentence.

Petitioner was convicted of criminal conduct in two separate cases in the District of New Mexico:

- The New Mexico federal court sentenced Petitioner to a term of 235 months in prison for his role in a methamphetamine trafficking scheme (CR 04-2395 RB).

- That court subsequently sentenced Petitioner to a 292-month term based on his convictions involving the killing of a witness (CR 06-2403 RB).

The sentencing judge noted that the charges and sentences arose from "two unrelated cases." Nevertheless, the judge ordered that both sentences were to "run concurrently." Dkt. 1 at 11.

A later, retroactive amendment to the sentencing guidelines led the New Mexico judge to resentence Petitioner on the *drug convictions*. The court reduced Petitioner's sentence to 188 months for those offenses. Dkt. 1 at 13–16; Dkt. 7-1 at 3.

In the current habeas petition, Petitioner contends that he "should receive the reduction on <u>both</u> cases." Dkt. 1 at 3 (emphasis in original). That is, Petitioner argues that the lengthy reduction in his drug case should be applied to his murder conviction too.

Petitioner previously presented this issue to the sentencing judge in a motion under Federal Rule of Criminal Procedure 35 and 36 (regarding correction of sentencing errors). In an order appended to the petition, the trial court noted that "[n]either of these provisions applies" to Petitioner's case. Dkt. 1 at 11.

Moreover, on the merits of Petitioner's request, the New Mexico judge explained that "the longer sentence in the non-drug [murder] case was not reduced" by the change in the drug guidelines. *Id.* at 12. From this, the sentencing judge determined that "Defendant's term of incarceration [on the murder convictions] was not altered by the reduction of the shorter sentence in the drug case." *Id.* The court then dismissed Petitioner's request for a further reduction in his sentence.

Petitioner now asks this Court to order the Bureau of Prisons to apply the drug sentence reduction to his murder sentence. Dkt. 1 at 3; Dkt. 13 at 5. The Government moved to dismiss the action on several grounds, including that this Court does not have jurisdiction to hear a challenge to Petitioner's sentence. Dkt. 6.

\* \* \*

2

1.      A federal prisoner is ordinarily required to challenge a sentence by motion under 28 U.S.C. § 2255 in the district of conviction. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988); *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). A subsequent habeas action under Section 2241 in a different district cannot lead to relief unless the prisoner's remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000); *Fisher v. Ives*, No. CV 15-09596-DOC (DTB), 2016 WL 3844213 (C.D. Cal., May 25, 2016) (dismissing petition filed under Section 2241 to challenge sentence for lack of jurisdiction).

2.      Petitioner offers no legitimate reason for this Court to exercise jurisdiction over his sentencing claim. Petitioner clearly wishes to relitigate his claim—previously asserted in the New Mexico court that imposed and modified his sentences—that his murder sentence should be reduced simply because his drug sentence was reduced. The original sentencing court rejected that argument on its face. That court expressly stated that Petitioner's murder sentence "was not altered by the reduction" imposed on his separate drug convictions. Order at 2, May 20, 2016, ECF No. 793, *United States v. Cook*, 2:06-cr-2403-002RB (Dkt. 793).

3.      Petitioner fails to demonstrate that he was without the ability to present his sentencing claim to the federal court in New Mexico under Section 2255. *See Hernandez*, 204 F.3d at 865. Moreover, on the merits of his claim, Petitioner is wrong. The sentencing court did not reduce the term he is required to serve on his concurrent murder convictions.

4.      If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may summarily dismiss a habeas action. 28 U.S.C. § 2243; *see also* Rule 4(b) of Rules Governing Section 2255 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary

1  dismissal to district judge "if it plainly appears from the face of the petition . . . that the
2  petitioner is not entitled to relief . . . .").
3      5.    The Court summarily concludes that it does not have jurisdiction to
4  consider Petitioner's meritless habeas claim regarding his sentences. Therefore, the
5  present action is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.[1]
6      IT IS SO ORDERED.

Dated: 10/13/2016    _____
                     HON. DAVID O. CARTER
                     UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court declines to take up the Government's alternative argument that Petitioner failed to exhaust his claim with the Bureau of Prisons. In addition, to the extent that Petitioner now claims that he failed to receive proper custodial credit on his murder case for time served in pretrial detention, *see* Dkt. 13 at 3, he did not raise this issue in his case-commencing petition. *See* Habeas Rule 2(b) (application "must specify all the grounds for relief").

4